UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JORGE PIZARRO,                          :
      Plaintiff,                      :
                                      :
v.                                      :        CIVIL ACTION NO.
                                      :        3:06-cv-00450 (VLB)
JUSTIN KASPERZYK et al.,                :
      Defendants.                     :        January 8, 2009


**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART
DEFENDANT WILLIAM WHITE'S MOTION FOR SUMMARY JUDGMENT [Doc. #109]**

The plaintiff, Jorge Pizarro, filed this action for damages against six current

and former members of the New Haven Police Department in Connecticut

Superior Court on February 21, 2006, alleging violations of his rights under the

United States and Connecticut Constitutions, false imprisonment, and assault

and battery. The defendants removed the action to this Court pursuant to 28

U.S.C. §§ 1441 and 1446.

The Court has federal question jurisdiction over Pizarro's constitutional

claims brought under 42 U.S.C. § 1983 and supplemental jurisdiction over his

state law claims pursuant to 28 U.S.C. § 1367.

William White has filed the within motion for summary judgment on the

entire complaint [Doc. #109] arguing that there are no disputed issues of material

fact and that he is entitled to judgment as a matter of law on the basis of qualified

immunity. Pizarro concedes as to all claims except his constitutional claims of

false arrest and malicious prosecution. He argues that there are disputed issues

of material fact that preclude summary judgment on those counts. [Doc. #114] For

the reasons hereinafter set forth, White's motion is DENIED as to Pizarro's claims of false arrest and malicious prosecution, and GRANTED, absent objection and by concession as to all other claims.

## Facts

The evidence before the Court consists of the partial transcripts of the depositions of Pizarro, his mother Tomasa Pizarro, and the defendants White, Justin Kasperzyk, and Paul Bicki, and the police reports prepared by Kasperzyk and Bicki. Examination of the above and the parties' Local Rule of Civil Procedure 56(a)(2) statements yield the following undisputed material facts.

On April 17, 2004, Officer White, then a New Haven Police Department lieutenant, was on undercover duty in the narcotics unit with Officer Kasperzyk. At approximately 8:00 p.m., White and Kasperzyk heard a police radio transmission regarding "quads," four-wheeled motorcycles or all-terrain vehicles, being driven recklessly in their area. White saw two quads arrive in his vicinity and stop in front of a residence at 77 Elliott Street, where Pizarro lived with his family. White and Kasperzyk got out of their unmarked police vehicle and identified themselves as police officers to the quad operators. White apprehended the operator of one of the quads, Rolando Pizarro-Melesio, and remained with him outside until other officers arrived. The other operator fled. Kasperzyk went to the residence at 77 Elliott Street, forced open the door, and went inside. He emerged with Pizarro, whom he and White identified to Officer Bicki, who had arrived on the scene with the other defendants, as the operator of

2

the second quad. Bicki arrested Pizarro and charged him with reckless endangerment 2d (Conn. Gen. Stat. § 53a-64), reckless operation (Conn. Gen Stat. § 14-222), and interfering with an officer (Conn. Gen. Stat. § 53a-167a).  Bicki ran the Vehicle Identification Numbers of the quads through the city database and found that they were last registered to Luis and William Garayua. Pizarro was released on a misdemeanor summons after being handcuffed and placed in the back of a police vehicle for about an hour.

**Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party

3

moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movants.]" Dawson v. County of Westchester, 373 F.3d 265, 273 (2d Cir. 2004), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Discussion

White argues three points: first, that because he was not physically involved in the arrest of Pizarro, he is entitled to summary judgment on all of Pizarro's claims. Second, he argues that Pizarro cannot sustain his claim for malicious prosecution because criminal proceedings did not terminate in his favor. Third, he argues that he is entitled to qualified immunity from liability. Pizarro responds that there is a disputed issue of material fact as to whether White intentionally and falsely identified Pizarro as the perpetrator of the offenses for which he was arrested, thus violating his constitutional rights. The Court will consider each claim individually.

Actions brought under 28 U.S.C. § 1983 are decided by reference to state common law in the absence of an applicable federal standard. 42 U.S.C. § 1988; Conway v. Village of Mount Kisco, N.Y., 750 F.2d 205, 215 (2d Cir. 1984) (applying

4

state standards for malicious prosecution); <u>Lennon v. Miller</u>, 66 F.3d 416, 423 (2d Cir. 1995) (applying state standards for false arrest). "Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." <u>Jocks v. Tavernier</u>, 316 F.3d 128, 135 (2d Cir. 2003) (holding federal constitutional claims derivative of common law actions). Therefore, the Court will consider the federal and state claims together, applying the same legal principles and standards.

<u>Malicious Prosecution</u>

Under Connecticut law, "an action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff, (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." <u>Frey v. Maloney</u>, 476 F.Supp.2d 141, 147 (D. Conn. 2007) <u>quoting McHale v. W.B.S. Corp.</u>, 187 Conn. 444 (Conn. 1982).  <u>See Mulligan v. Rioux</u>, 229 Conn. 716 (Conn. 1994) (applying <u>McHale</u> to a malicious prosecution action against municipal police officers).

White argues that his involvement in Pizarro's arrest was insufficient to establish that he initiated or procured the institution of criminal proceedings

5

against Pizarro, and thus he cannot be held liable. However, the evidence shows that Bicki could not identify Pizarro has the operator of the second quad, and arrested Pizarro only after Kasperzyk and White identified him.  This identification and report is sufficient to show that White procured the institution of criminal proceedings. Frey, 476 F. Supp.2d at 147.

White also argues he is entitled to judgment as a matter of law on Pizarro's claim of malicious prosecution because Pizarro cannot prove that criminal proceedings terminated in his favor.  As neither party has supplied a transcript of the proceedings in state court, the only evidence in the record of the disposition of the three misdemeanor charges is Pizarro's testimony. His complaint alleges that the criminal charges were nolled, while at his deposition, he testified that they were dismissed.

In Connecticut, "termination in favor of the plaintiff" has been interpreted as termination without consideration. DeLaurentis v. City of New Haven, 220 Conn. 225, 251 (Conn. 1991). Therefore, if the charges against Pizarro were nolled without consideration, Pizarro may sustain his case against White. See Holman v. Cascio, 390 F.Supp.2d 120, 123 (D.Conn. 2005) (discussing circumstances in which a nolle may satisfy the "termination in favor of the plaintiff" element of malicious prosecution). Pizarro testified that Pizarro-Melesio and Luis Garayua appeared with him in court to testify that Luis Garayua was the driver of the second quad. A jury could infer that the charges against him would be nolled without consideration under those circumstances. If there is an inconsistency

6

between Pizarro's complaint and Pizarro's testimony, the posture of this motion demands that we construe the evidence in favor of the non-moving party, Pizarro. Moreover, the testimony and the complaint need not even be inconsistent, as the nolle may have matured into a dismissal, as court records pertaining to a nolle are erased after 13 months.[1] White, the party with the burden of proof on this motion, has offered no evidence to rebut Pizarro's testimony. Therefore, summary judgment must be denied on the basis that there is a disputed issue of material fact as to whether the charges against Pizarro terminated in his favor, either through a dismissal or through a nolle.

## False Arrest

"False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." Green v. Donroe, 186 Conn. 265, 267 (Conn. 1982). White argues that his involvement in Pizarro's arrest was insufficient to hold him liable, as he was not the arresting officer. Although Bicki was undisputedly the arresting officer, White is liable for the false arrest of Pizarro if White gave Bicki a false report which he *expected* to cause Pizarro's arrest. Id. at 269. White argues that the report was not false, because Pizarro was the driver of the second quad.[2] However, Pizarro has testified that White

---

[1] See State v. Smith, 289 Conn. 598 (Conn. 2008) ("a nolle [is] functionally equivalent to a dismissal without prejudice"); Cislo v. Shelton, 240 Conn. 590, 599 (Conn. 1997) ("the entry of a nolle plus the passage of thirteen months, which results in the automatic erasure of relevant records under § 54-142a (c), constitutes a dismissal . . .").

[2] Though White argues that Pizarro "testified that the officer who took down the first quad operator did not do anything to the plaintiff," he cites to his own deposition, and the Court has not been able to locate any such admission in Pizarro's deposition.

knowingly and falsely identified him as the driver of the second quad.

There is a disputed issue of material fact as to whether Pizarro was the driver of the second quad, and if he was not, whether White knew that he was not. Pizarro has given sworn testimony that he was not the driver of the second quad, and that Luis Garayua, also known as "Jerry," admitted that he was. As the quads belonged to the Garayua family, Pizarro's testimony is supported by other evidence. Moreover, Pizarro will argue at trial that because of the difference in their physical appearances, White knew that Pizarro was not the driver of the second quad but falsely identified him as such for unlawful reasons. Pizarro argues that White had a motive to lie because his partner had unlawfully entered Pizarro's house without a warrant. "The non-movants-in this case, the plaintiffs-will have their allegations taken as true, and will receive the benefit of the doubt when their assertions conflict with those of the movant."Dawson, 373 F.3d at 272. Therefore, summary judgment must be denied on the argument that White was not involved in Pizarro's arrest.

## Qualified Immunity

Finally, White argues that even if Pizarro proves a deprivation of his constitutional rights through false arrest or malicious prosecution, White is shielded from liability under the doctrine of qualified immunity.  The test to establish qualified immunity from suit for both false arrest and malicious prosecution is, "was it objectively reasonable for the officers to believe that probable cause existed, or could officers of reasonable competence disagree on

whether the probable cause test was met?" <u>Lennon v. Miller</u>, 66 F.3d 416, 425 (2d. Cir. 1995). In other words, was it "objectively reasonable . . . to believe that [the defendant's] action did not violate the law?" <u>Russo v. Bridgeport</u>, 479 F.3d 196, 211 (2d. Cir. 2007). While probable cause for arrest is distinct from probable cause for prosecution, lack of probable cause to arrest implies lack of probable cause to prosecute.  <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 417 (2d Cir. 1999). There is a disputed issue of material fact as to whether there was probable cause to arrest Pizarro. If White *knew* that Pizarro was not the driver of the second quad, there was no probable cause to identify him as such, nor could any reasonable officer do so. As their testimony on this issue is divergent, Pizarro and White's credibility cannot be resolved on a motion for summary judgment. Therefore, White's motion for summary judgment is DENIED as to Pizarro's constitutional claims for false arrest and malicious prosecution, and GRANTED in all other respects.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut:  January 8, 2009.

9