UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE PIZARRO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-00450 (VLB) |
| JUSTIN KASPERZYK et al., | : | |
|     Defendants. | : | February 2, 2009 |

### MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [Doc. #126]

Before the Court is the motion for reconsideration of the Court's decision dated January 8, 2009, granting in part and denying in part summary judgment in favor of William White. [Doc. #118] White argues that the Court erred in denying him summary judgment and qualified immunity from the plaintiff Jorge Pizarro's constitutional claims of false arrest and malicious prosecution. For the reasons hereinafter set forth, his motion for reconsideration [Doc. #126] is DENIED.

Local Rule of Civil Procedure 7(c)(1) requires that when moving for reconsideration, a movant "set[] forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." A motion to reconsider "may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made."Horsehead Resource Development Co., Inc. v. B.U.S. Environmental, 928 F.Supp. 287, 289 (S.D.N.Y. 1996).

The Court presumes familiarity with the facts and claims as expressed in its prior ruling. White argues that he cannot be held liable for the false arrest of

Pizarro because Pizarro had already been arrested by Justin Kasperzyk at the time White gave his allegedly false identification of Pizarro to the nominal arresting officer, Paul Bicki. In support of his argument, he cites State v. Torres, 85 Conn. App. 303, 313 (Conn. App. 2004). Torres held, in accordance with a long line of precedents, that a criminal defendant's Fourth Amendment rights as expressed in the holding of Miranda v. Arizona, 384 U.S. 436 (1966) attach at the moment a person is seized.  The court determined that this seizure occurs at the time, objectively, that a reasonable person would not feel free to leave the presence of the police.  White argues that, applying this decision, Pizarro was arrested at the time that Kasperzyk first laid hands on him and thus, White's allegedly false identification of him to Bicki was constitutionally meaningless. This is not the holding of Torres.  It offers no support for the proposition that Pizarro's Fourth Amendment rights could not be further violated after an initial arrest.  As White has failed to show any controlling precedent overlooked by the Court, his motion for reconsideration must be denied on this ground.

  White also argues that the Court erred in denying him qualified immunity. The Court previously identified the standard for granting qualified immunity as, "was it objectively reasonable for the officers to believe that probable cause existed, or could officers of reasonable competence disagree on whether the probable cause test was met?" Lennon v. Miller, 66 F.3d 416, 425 (2d. Cir. 1995). As in his prior argument, White argues that Kasperzyk had already made a probable cause determination in arresting Pizarro, and that White's conduct thereafter was insulated from scrutiny by virtue of Kasperzyk's actions.  While

police officers are entitled to rely on information provided by other police officers in making probable cause determinations, Shain v. Ellison, 273 F.3d 56, 66 (2d Cir. 2001) any suggestion that White actually did so is contradicted by the record. White argued in his motion for summary judgment, and gave sworn testimony at his deposition, that he identified Pizarro as the operator of the second quad based upon his personal knowledge. In his motion for summary judgment, he asserted that, "At the scene, defendant White identified plaintiff Jorge Pizarro as having been the operator of the second quad, which identification he still maintains was correct." [Doc. #109-2, ¶ 23] White gave testimony at his deposition that there was "no doubt in his mind whatsoever" that Pizarro was the operator of the second quad. [Doc. #109-5, p. 134] White cannot now argue, on reconsideration, that he was deferring to Kasperzyk. The holding of the Court at summary judgment, and now adhered to on reconsideration, is that there is a disputed issue of material fact as to whether it was objectively reasonable for White to inform Bicki that Pizarro was the operator of the second quad. For the foregoing reasons, White's motion for reconsideration is DENIED.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  February 2, 2009.